STATE OF MAINE *vs.* JOHN STEVENS.

*Pleading.   Indictment.   What is a sufficient description of stolen bank-bills.*

Where an indictment avers the denomination and value of a bank-note that has been stolen, it is not necessary to allege that the bill is genuine, nor to state the name of the bank issuing it.

A count charging a larceny of bank-bills, each of a denomination and value stated, and of a pocket-book and knife, "of the goods, chattels and money of J. S. K.," &c., contains a sufficient description of the property, and is not bad for duplicity.

ON EXCEPTIONS.

INDICTMENT alleging that John Stevens of Augusta, &c., on the twenty-third day of August, A. D., 1873, at Gardiner, &c,

"seven national bank-bills, each of the denomination of twenty dollars and of the value of twenty dollars, of the lawful currency of the United States; six national bank-bills each of the denomination of ten dollars and of the value of ten dollars, of the lawful money of the United States; one pocket book of the value of one dollar, and one shoe-knife of the value of twenty-five cents, of the goods, chattels and money of John S. Kelley of said Gardiner," &c., &c., "feloniously did steal," &c., &c.

The prisoner was convicted and moved in arrest of judgment, because,

I. The bank bills said to have been stolen are not alleged to have been genuine, or issued by any national bank.

II. The name of the bank issuing the bills is not stated.

III. The description of the goods and chattels stolen is uncertain and insufficient, and gives the respondent no information of what he is to meet on his trial.

This motion was overruled and the defendant excepted.

*E. Kempton*, for the respondent.

The indictment is bad for duplicity. *State v. Nelson*, 8 N. H., 163; *People v. Wright*, 9 Wend., 193.

*H. M. Plaisted*, Attorney General for the State, cited *Commonwealth v. Richards*, 1 Mass., 337; *Eastman v. Commonwealth*, 4 Gray, 416, and cases there cited.

BARROWS, J. It would commonly be difficult if not impossible for those who lose bank bills by theft to designate the banks by which the various bills were issued, and we do not think the constitutional requirements which the defendant's counsel invokes, call upon us to facilitate the escape of thieves in the manner proposed. The indictment upon which the defendant was convicted, describes the number and denomination of the bank bills stolen and alleges the value of each. It was not necessary to set forth the names of the banks by which they are issued, nor to assert their genuineness more distinctly than it is done in the allegation

of their value.   Even the description of them as "lawful currency" &c., may well be rejected as surplusage.   That which is made punishable as a crime by the statute is distinctly charged with as much particularity as the nature of the case will ordinarily permit.   *Commonwealth v. Richards*, 1 Mass., 337; *Eastman v. Commonwealth*, 4 Gray, 416.

Nor does the fact that the defendant stole a pocket-book and shoe-knife, at the same time and place, from the same person, and is charged therewith in the same count, better his case.   The spoils of a single larcenous act may all be included in one count, and the indictment is not thereby vitiated on the ground of duplicity.

The defendant is charged with but one crime.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH and VIRGIN, JJ., concurred.